IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


DISPLAY WORKS, LLC       *
         Plaintiff     *
v.                    *
                     *    Civil Action No. WMN-15-2284
PINNACLE EXHIBITS, INC.    *
         Defendant    *
                     *
   *    *    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM**

Before the Court is Defendant's Motion to Dismiss. ECF No.
11. The motion is ripe. Upon a review of the pleadings and the
applicable case law, the Court determines that no hearing is
necessary, Local Rule 105.6, and that Defendant's motion will be
granted as to Counts I and III and denied as to Count II.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Display Works, LLC, brings this action against
Defendant Pinnacle Exhibits, Inc., asserting: breach of contract
(Count I), unfair competition pursuant to Section 43(a) of the
Lanham Act (Count II), and a claim for injurious falsehood under
Maryland law (Count III). On or about January 15, 2014,
Plaintiff[1] and Defendant entered into a Non-Disclosure and
Confidentiality Agreement (Agreement) in order to facilitate the
transfer of information between the parties in connection with a
potential acquisition by Defendant. ECF No. 1-1. Pursuant to

---

[1] Plaintiff Display Works was acting through its agent, Corporate
Chesapeake Advisors.

the Agreement, Defendant agreed that it would, among other things, refrain from directly or indirectly soliciting for employment any employee of Plaintiff for a period of two years. Plaintiff alleges Defendant breached the Agreement by hiring multiple employees of Plaintiff during the two year prohibitory period. Plaintiff further alleges that Defendant told Plaintiff's customers Plaintiff was reorganizing, portraying it as bankrupt or financially distressed in an attempt to lure customers to Defendant. Plaintiff claims the representation that it was reorganizing was false and misleading and has damaged and threatens to further damage its reputation with customers. Defendant moves to dismiss all three counts of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint it if fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). In evaluating a motion to dismiss filed pursuant to Rule 12(b)(6), the court must accept as true all well-pled allegations of the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d

2

472, 474 (4th Cir. 1997).  To survive dismissal, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  A court need not accept a plaintiff's legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

## III. DISCUSSION

### A. Breach of Contract

In Maryland,[2] "a complaint alleging breach of contract 'must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.'"  RRC Ne., LLC v. BAA Maryland, Inc., 994 A.2d 430, 440 (Md. 2010)(quoting Continental Masonry Co., Inc., v. Verdel Const. Co., Inc., 369 A.2d 566, 569 (Md. 1997)(emphasis in original)).  Defendant has a contractual obligation to Plaintiff as evidenced

---

[2] The Agreement specifically states "[t]his Agreement shall be governed by the laws of the State of Maryland."  ECF No. 1-1 at 2.

by the Agreement.  ECF No. 1-1.  Plaintiff claims Defendant

breached its obligation by "hiring multiple employees of

plaintiff during the prohibition period."[3]  ECF No. 1 at 2.  The

relevant part of the Agreement is a two sentence paragraph

titled "Non-Solicitation" which states:

> NON-SOLICITATION.  Receiving Party agrees that for a
> period of two years after the date of this Agreement,
> Receiving Party will not, directly or indirectly,
> solicit for employment or hire any employee of the
> Company or its related entities; provided, however,
> that the foregoing provision will not prevent (i) the
> Receiving Party from employing any such person who
> contacts the Receiving Party on his or her own
> initiative without any direct or indirect solicitation
> by the Receiving Party, or (ii) the Receiving Party
> from soliciting or hiring any person whose employment
> with the Company has been terminated for at least
> three months.  Any advertisement or general
> solicitation that is not specifically targeted towards
> employees of the Company shall not be considered
> direct or indirect solicitation, and the Receiving
> Party may hire any person who responds to such an
> advertisement or general solicitation.

After reviewing the Agreement, the Court finds "hiring multiple

employees of plaintiff during the prohibition period," does not,

in and of itself, constitute a breach of contract.

The Agreement does not outlaw hiring; it outlaws certain

types of solicitation.  The terms explicitly allow Defendant to

hire employees who 1) contacted Defendant on their own

initiative; 2) whose employment with Plaintiff was terminated

---

[3] Plaintiff also alleges under Count I that Defendant breached
the agreement by "hiring one or more employees of plaintiff."
ECF No. 1 at 3.

for at least three months; or 3) who responded to an advertisement or general solicitation not directed at employees of Plaintiff.  As put in Plaintiff's own words, "defendant agreed that it would, among other things, refrain from directly or indirectly soliciting for employment any employee of plaintiff for a period of two years."  ECF No. 1 at 2.  Notably missing from the Complaint is any allegation of fact related to solicitation that would put Defendant's behavior outside of the terms of the Agreement.  Accordingly, the motion will be granted as to Count I.

**B. Unfair Competition Under Section 43(a) of the Lanham Act**

Section 43(a) of the Lanham Act protects against a number of deceptive commercial practices, including false advertising and promotion.  Seven-Up Co. v. Coca-Cola Co., 86 F.3d 1379, 1383 (5th Cir. 1996).  "In order for representations to constitute 'commercial advertising or promotion' under Section 43(a)(1)(B), they must be: (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services ... [and] the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." Gordon & Breach Sci. Publishers, S.A. v. Am. Inst. of Physics,

859 F. Supp. 1521, 1535-36 (S.D.N.Y. 1994).[4] Defendant claims

the Complaint fails to include a false or misleading statement

that constitutes commercial advertising or promotion as required

by the Lanham Act.  ECF No. 11-1 at 5-6.  Plaintiff disagrees,

pointing to the language from the complaint as underlined below:

> 11.  Defendant has also <u>told certain of plaintiff's
> customers that plaintiff was "reorganizing" in a
> blatant attempt to lure customers away from plaintiff
> by portraying plaintiff as bankrupted or financially
> distressed entity</u>.

> 19.  <u>Defendant's publication and dissemination of
> false rumors about plaintiff</u>, which defendant
> committed with the direct intention of increasing its
> business and harming plaintiff, constitutes unfair
> competition.

ECF No. 1.  Plaintiff argues informal representations such as

communications to a competitor's customers can constitute

"promotion" under Section 43(a).  The Court agrees; "the

representations need not be made in a 'classical advertising

campaign,' but may consist instead of more informal types of

'promotion.'"  <u>Gordon</u>, 859 F. Supp. at 1536; <u>see, e.g.</u>, <u>N. Shore

Med. Ctr., Ltd. v. Evanston Hosp. Corp.</u>, No. 92 C 6533, 1993 WL

141717 at *3 (N.D. Ill. April 28, 1993) ("courts have held that

---

[4] "Although [the four part test from <u>Gordon</u>] has not been
expressly adopted by the Fourth Circuit, it has been relied upon
by courts within this circuit."  <u>Neurotron, Inc. v. Am. Ass'n of
Electrodiagnostic Med.</u>, 189 F. Supp. 2d 271, 275 (D. Md. 2001)
<u>aff'd,</u> 48 F. App'x 42 (4th Cir. 2002).

false representations contained in private letters sent from one company to another are actionable under § 43(a) of the Lanham Act."); see also Radio Today, Inc. v. Westwood One, Inc., 684 F. Supp. 68, 74 (S.D.N.Y. 1988) ("The Lanham Act does not apply merely to false advertising through traditional media channels, but to a broad range of deceptive statements made in connection with the sale of goods or services.").

Defendant additionally argues Plaintiff fails to show that "the alleged communication [was] disseminated sufficiently to the relevant purchasing public to constitute advertising or promotion within that industry." ECF No. 18 at 5. Courts have made clear that "for purposes of the Lanham Act's definition of 'commercial advertising or promotion,' both the required level of circulation and the relevant 'consuming' or 'purchasing' public addressed by the dissemination of false information will vary according to the specifics of the industry," therefore, Defendant's argument is inappropriate at the motion to dismiss stage. Seven-Up, 86 F.3d at 1385.

## C. Injurious Falsehood

To state a claim of injurious falsehood under Maryland law,[5] a plaintiff must allege: (1) the defendant published a falsehood which tended to disparage plaintiff's title to his property, or

_____

[5] Maryland courts also recognize this claim as disparagement or slander of title. Rite Aid Corp. v. Lake Shore Inv'r, 471 A.2d 735, 738 (Md. 1984).

its quality, or to his business in general, or some element of his personal affairs; (2) the defendant acted with actual malice or with reckless disregard for the truth; and (3) the falsehood played a material and substantial part in inducing others not to deal with the plaintiff, and that as a result the plaintiff suffered special damage. <u>Horning v Hardy</u>, 373 A.2d 1273, 1278 (Md. Ct. Spec. App. 1977).

As stated above, Plaintiff alleges that around March 2015 Defendant made false statements to Plaintiff's customers that it was "reorganizing," suggesting bankruptcy and financial distress, with the intent to lure customers to Defendant. Plaintiff further alleges that Defendant's statements were made with actual malice and the intent to harm, and as a result of these statements, customers were discouraged from doing business or stopped doing business with Plaintiff causing it to suffer economic loss. After considering Defendant's contention that "Plaintiff fails to even allege what statement was made, much less the context in which it was made," ECF No. 11-1 at 8, the Court finds Plaintiff's allegations are sufficient to put Defendant on notice of the alleged falsehood imputed to Defendant. <u>See</u> <u>Equis Corp. v. Staubauch Co.</u>, 2000 WL 283982 at *1 (N.D. Ill. March 13, 2000) (finding plaintiff's complaint for tortious interference survived a motion to dismiss because plaintiff alleged that defendant told one of plaintiff's

customers that plaintiff was financially unstable and whether
such allegations would result in a winning claim was a separate
question from whether the allegations survived a motion to
dismiss).

Defendant additionally argues that Plaintiff failed to
plead special damages with sufficient particularity as required
by Federal Rule of Civil Procedure 9(g).  "Allegations of
special damages, where required, must be stated with
particularity, including either the loss of particular customers
by name or a general diminution of business and extrinsic facts
showing that such special damages were the natural and direct
result of the false publication." Novick v. Hearst Corp., 278
F. Supp. 277, 279, n.2 (D. Md. 1968); see e.g. Cook v. Britton,
WMN-11-2305, 2012 WL 14024, at *1 (D. Md. Jan. 3, 2012)(denying
defendant's motion to dismiss when plaintiff named three
specific former customers that allegedly began purchasing from
defendant days after the false statements were published); see
also Capital Meats, Inc. v. Meat Shoppe, LCC, JFM-15-212, 2015
WL 4249166, at *2 (D. Md. July 9, 2015) (finding that although
plaintiff did not identify specific customers lost to defendant,
it alleged facts showing a decline in revenue of over seventy
percent after the alleged malicious and deceitful actions).  The
Court finds Plaintiff's allegations fail to meet the heightened
pleading requirement of Rule 9(g) as demonstrated by Novick,

Cook, and Capital Meats, and the motion will be granted as to Count III.

**IV. LEAVE TO AMEND**

In its opposition, Plaintiff asks for the opportunity to file an amended complaint if the Court should find any part of the Complaint to be deficient. The Court will make its dismissal without prejudice for a period of fourteen days, during which time Plaintiff may file a motion for leave to amend, if it so chooses.

**V. CONCLUSION**

Accordingly, an order shall issue GRANTING IN PART and DENYING IN PART Defendant's Motion to Dismiss, ECF No. 11, as described above.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: November 24, 2015